UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUGLAS J. WOLD,<br><br>                    Plaintiff,<br><br>          v.<br><br>NICK HENZEL, in his individual<br>capacity as a Columbia County<br>Sheriff's Deputy; JOE HELM, in<br>his individual capacity as a<br>Columbia County Sheriff's Deputy;<br>WALTER J. HESSLER, in his<br>official capacity as the Sheriff<br>of Columbia County, and in his<br>individual capacity as Columbia<br>County Sheriff's Deputy; and<br>COLUMBIA COUNTY, a municipal<br>corporation<br><br>                    Defendants. | No.  CV-12-0225-EFS<br><br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT** |

I.    **INTRODUCTION**

On November 20, 2013, the Court heard oral argument on Defendants' Motion for Summary Judgment, ECF No. 24.  At the hearing, the Court directed the parties provide supplemental briefing on the issue of ratification.  Having reviewed the submissions of the parties, the record in this matter, and having consulted the applicable authority, the Court is fully informed.  For the reasons set forth below, the Court finds that there is a material issue of fact as to the excessive use of force claim.

ORDER  – 1

## II.   BACKGROUND

**A.   Factual History**[1]

On April 30, 2009, Plaintiff was housed in the Columbia County Jail's general population area known as the "catwalk."   After a disturbance in the jail, Defendant Henzel, the only deputy present at the jail, at approximately 3:00 a.m. ordered Plaintiff to leave the cells and enter the dayroom and close the door behind him.   As evidenced by the video tape, the Plaintiff, within several seconds after entering the dayroom, exited the dayroom walking toward Defendant Henzel.   Several steps outside the door to the dayroom, Defendant Henzel sprayed Plaintiff with pepper spray.

At around 3:24 a.m., Defendants Henzel and Helm escorted Plaintiff, while handcuffed and shackled, outside to hose off the pepper spray.   While escorting Plaintiff back into the jail, Plaintiff planted his feet and appeared to lean toward Defendant Henzel.   After Defendant Helm approached Plaintiff, Defendant Henzel pulled Plaintiff to the ground, rotating from the grass to the concrete pathway, where Plaintiff's face and shoulder impacted the ground.   After returning Plaintiff to the jail, Defendants contacted emergency medical personnel to see to Plaintiff's injuries.

//

---

[1]   In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion – here, the Plaintiff.   *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

ORDER  – 2

**B.   Procedural History**

Plaintiff filed his initial Complaint on April 27, 2012.  ECF No. 1.  On January 15, 2013, Plaintiff filed his Amended Complaint asserting Defendants violated his civil rights through the use of excessive force and being deliberately indifferent to his medical needs.  ECF No. 18.  Defendants filed their Answer to the Amended Complaint on April 29, 2013, asserting the defense of qualified immunity.  ECF No. 22.  On September 12, 2013, Defendants filed the instant motion for summary judgment.  ECF No. 24.

### III.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants seek summary judgment on Plaintiff's claims of deliberate indifference and excessive force, and maintain they are entitled to qualified immunity.

**A.   Legal Standards**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion.  *Id.* at 322.  "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come

forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.   Discussion**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Liability for a violation will not arise from *respondeat superior* liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-92 (1978). A causal link between a person holding a supervisorial

position and the claimed constitutional violation must be shown; vague and conclusory allegations are insufficient. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the parties agree each Defendant was acting under color of state law. Accordingly, the Court takes up each of the alleged violations in turn.

### 1. Deliberate Indifference

Plaintiff's complaint asserts that Defendants were deliberately indifferent of his medical needs. With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: "persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). This duty to provide medical care encompasses detainees' psychiatric needs. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 (9th Cir. 1988).

Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). In order to know of the excessive risk, it is not enough that the person merely "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [] he must also draw that inference." *Id*. If a person should have been aware of the risk, but was not, then the person has not violated the Eighth

1   Amendment, no matter how severe the risk.  *Jeffers v. Gomez*, 267 F.3d

2   895, 914 (9th Cir. 2001).   But if a person is aware of a substantial

3   risk of serious harm, a person may be liable for neglecting a

4   prisoner's serious medical needs on the basis of either his action or

5   his inaction.  *Farmer*, 511 U.S. at 842.

6        First, prior to the pepper-spray and take-down incidents,

7   Plaintiff, throughout his briefing and oral arguments, has not shown

8   facts indicating that Defendants subjectively knew of an excessive

9   health risk.   Additionally, after Plaintiff suffered injuries from

10  contacting the concrete sidewalk, the evidence clearly shows Plaintiff

11  was provided medical assistance.   Accordingly, based upon the

12  undisputed facts, Plaintiff has not demonstrated the requisite

13  knowledge required for a deliberate indifference claim.   Therefore,

14  Defendants' motion is granted as to deliberate indifference.

15        2.   Excessive Use of Force

16        Second, Plaintiff contends Defendants used excessive force in

17  the use of pepper spray and the "take down."   To succeed on his

18  excessive force claim, Plaintiff must show "that excessive force was

19  used against [him]" and "that the law at the time . . . clearly

20  established that the force used was unconstitutionally excessive."

21  *Moss v. U.S. Secret Serv.*, 675 F.3d 1213, 1229 (9th Cir. 2012).

22  Fourth Amendment claims of excessive force are evaluated according to

23  the framework established by *Graham v. Connor*, 490 U.S. 386 (1989).

24  Under *Graham*, "all claims that law enforcement officers have used

25  excessive force—deadly or not—in the course of an arrest,

26  investigatory stop, or other 'seizure' . . . should be analyzed under

1   the Fourth Amendment and its 'reasonableness' standard." 490 U.S. at

2   395. This analysis "requires balancing the 'nature and quality of the

3   intrusion' on a person's liberty with the 'countervailing governmental

4   interests at stake' to determine whether the force used was

5   objectively reasonable under the circumstances." *Smith v. City of*

6   *Hemet,* 394 F.3d 689, 701 (9th Cir. 2005) (quoting *Graham*, 490 U.S. at

7   396).

8          a.   *Defendant Helm*

9          Plaintiff contends that Defendant Helm, in his individual

10  capacity, used excessive force. However, in assessing Helm's

11  liability under § 1983, the Court's inquiry into causation must be

12  individualized and focus on the duties and responsibilities of each

13  individual defendant. *See Rizzo v. Goode*, 423 U.S. 362, 370-71

14  (1976). Here, Defendant Helm was Henzel's immediate duty supervisor.

15  However, he was not present for the pepper-spray incident.

16  Additionally, while Defendant Helm walked over to Plaintiff prior to

17  the take down, the video clearly shows that Defendant Helm did not

18  assist Defendant Henzel in taking Plaintiff to the ground.

19  Accordingly, the undisputed evidence before the Court does not

20  demonstrate how Defendant Helm by not being present for the pepper

21  spray incident, and merely passively observing the take down, is in

22  anyway liable under section 1983. Therefore, as to Defendant Helm,

23  Defendants' motion is granted.

24         b.   *Defendant Henzel*

25         Plaintiff contends that Defendant Henzel, in his individual

26  capacity, used excessive force. The Court finds there is a material

ORDER   - 7

issue of fact as to whether Defendant Henzel's use of pepper spray and taking Plaintiff to the ground was objectively reasonable.    Having reviewed the video footage of both incidents, a reasonable juror could find either that the use of force depicted is reasonable or that the use of force was excessive.    Accordingly, as a material issue of fact exists as to the force used, the issue is best reserved for the trier of fact.

### c.    Defendants Columbia County & Hessler

Finally, Plaintiff maintains that Defendants Hessler, in his official capacity as Columbia County Sheriff, and Columbia County, violated his rights by maintaining a policy or custom permitting the excessive use of force.    Specifically, Plaintiff maintains that Defendant Hessler's approval of Defendant Henzel's conduct ratified that conduct, and accordingly Defendants Hessler and Columbia County are now liable for Henzel's actions.

A municipality is liable for the violation of constitutional rights if a city officer's conduct is directly attributable to the city's policy or custom.    *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-94 (1978).    Plaintiff may establish liability of municipal defendants under § 1983: 1) by showing that decision-making official was, as matter of state law, final policymaking authority whose edicts or acts may fairly be said to represent official policy in area of decision, or 2) by showing that official with final policymaking authority either delegated that authority to, or ratified decision of, subordinate.    *Monell*, 436 U.S. at 694; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988).

ORDER   - 8

Here, Defendant Hessler, as Sheriff, was the final policymaking authority and Plaintiff maintains the municipality is liable because he ratified Defendant Henzel's conduct.

The Supreme Court has stated that "if the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). The Court held that "a single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under *Monell*, even though the decision is not intended to govern future situations." *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). However, there must be evidence of a conscious, affirmative choice. *Id*. "Municipal liability under section 1983 attaches only where 'a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id*. (quoting *Pembaur*, 475 U.S. at 483-84 (plurality opinion)); *accord City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion) ("The word 'policy' generally implies a course of action consciously chosen from among various alternatives."). However, "ratification requires, among other things, knowledge of the alleged constitutional violation." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification. Instead, a plaintiff must prove that the policymaker approved of the

1  subordinate's act.    For example, it is well-settled that a

2  policymaker's mere refusal to overrule a subordinate's completed act

3  does not constitute approval." *Christie v. Iopa*, 176 F.3d 1231, 1239

4  (9th Cir. 1999) (citing *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d

5  778, 781 (9th Cir. 1997) ("To hold cities liable under section 1983

6  whenever policymakers fail to overrule the unconstitutional

7  discretionary acts of subordinates would simply smuggle respondeat

8  superior liability into section 1983.""))

9      The Ninth Circuit, in its unpublished opinion in Au *Hoon v. City*

10 *and County of Honolulu*, 922 F.2d 844 (1991), found a single subsequent

11 act of ratification was sufficient to create liability.    In

12 overturning the district court, the Ninth Circuit stated that "[a]

13 review of the transcript of proceedings below makes apparent that the

14 district court believed that 'ratification' could not apply to actions

15 that had already been taken at a lower level.  That was error." *Id*.

16 at 4 ("Thus, it is not correct to say that only actions approved in

17 advance are 'ratified' for purposes of imposing liability on a

18 municipality under section 1983.  To do so confuses decisionmaking

19 authority with policymaking authority, and further ignores the fact

20 that ratification demonstrates that the act was consonant with the

21 policy of the entity").

22     Additionally, in *Larez v. City of Los Angeles*, 946 F.2d 630 (9th

23 Cir. 1991), a police chief sent a signed letter stating that an

24 internal affairs complaint could not be sustained.   *Id*. at 635.  The

25 Court found that by signing the letter the police chief ratified the

26 investigation into the complaint and therefore "[t]he jury verdict was

1  not in plain error." *Id*. at 646.  "The jury properly could find such

2  policy or custom from the failure of [the police chief] to take any

3  remedial steps after the violations." *Id*. at 647.

4      Here, Defendant Hessler admits to approving of Henzel's conduct

5  in its entirety.  ECF No. 44-1, Ex 7.  Accordingly, taking the

6  evidence in a light most favorable to the Plaintiff, this act could be

7  ratification of Henzel's conduct, and if that conduct violated a

8  right, could evidence a policy or custom of approving excessive use of

9  force, analogues to the letter in *Larez*.  Accordingly, the Court finds

10  that there is a triable issue as to whether Defendants Hessler, in his

11  official capacity, and Columbia County, are liable for Defendant

12  Henzel's conduct.  Accordingly, Defendants' motion as to Defendant

13  Hessler, in his official capacity, and Defendant Columbia County is

14  denied.

15  **C.  Conclusion**

16      For the foregoing reasons, the deliberate indifference claim is

17  dismissed against all Defendants, and the excessive force claim

18  against Defendant Helm is dismissed.  The remaining claims for trial

19  are 1) Plaintiff's claim Defendant Henzel, in his individual capacity,

20  used excessive force and 2) Plaintiff's claim Defendant Hessler

21  ratified Defendant Henzel's conduct establishing liability for

22  Defendants Hessler, in his official capacity, and Columbia County.

23  //

24  //

25  //

26  /

ORDER  - 11

**IV.   CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED**: Defendants' Motion for Summary Judgment, **ECF No. 24**, is **GRANTED IN PART** (dismissing all deliberate indifference claims; dismissing all claims against Defendant Helm) **AND DENIED IN PART** (remainder).

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this   23rd   day of December 2013.


                          s/ Edward F. Shea
                        EDWARD F. SHEA
              Senior United States District Judge